JOURNAL ENTRY AND OPINION
 I. {¶ 1} After defendant-appellee Jamal Benjamin ("Benjamin") was arrested and charged with driving under the influence of alcohol (Municipal Code 433.01(A)(1)) and driving under the influence/breath (M.C. 433.01(A)(3)), he moved the court to suppress the results of the breathalyzer test. The trial court issued an order granting his motion and the city of Cleveland brings this appeal on the accelerated calender pursuant to App.R. 11.1 and Loc.R. 11.1. We reverse and remand the trial court's order because the trial court failed to resolve the factual inconsistencies brought forth during the suppression hearing.
 II. A. {¶ 2} Both parties agree that the Cleveland police were running a sobriety checkpoint on eastbound Euclid Avenue, east of the hotel located on the southeast corner of East 18th and Euclid Avenue. Further, both agree that Benjamin never entered the checkpoint but was at some point given a breathalyzer test. The parties disagree, however, about the events leading up to the administration of that breathalyzer test.
 {¶ 3} According to an Officer Knowles, Benjamin was driving east on Euclid Avenue, hit the curb hard and parked illegally in front of a bus shelter on the southwest corner of East 18th and Euclid Avenue; that upon exiting the van, Benjamin was walking unsteadily; and that upon being called over to the police, Benjamin smelled of alcohol. The police then administered the breathalyzer test to Benjamin.
 {¶ 4} According to Benjamin and his friend (who, it appears, was with Benjamin on that night, though one of the testifying officers does not remember him), Benjamin drove north on East 18th; turned right (east) onto Euclid Avenue; and parked behind a car near the southeast corner of East 18th and Euclid Avenue. Another officer (not Officer Knowles) then approached the van and told them not to get out. The officers then removed them from the van and administered the sobriety test to Benjamin.
 {¶ 5} Based on this contradictory record, the trial court granted Benjamin's motion to suppress. The city of Cleveland brings this appeal.
 B. {¶ 6} When reviewing a trial court's grant of a motion to suppress, an appellate court is to (1) give deference to the trial court's findings of fact, so long as they are supported by competent, credible evidence and then (2) determine independently whether the trial court correctly applied the law to those facts. See State v. Curry
(1994), 95 Ohio App.3d 93, 96.
 {¶ 7} Here, the trial court did not make any findings of fact, which this court needs to decide whether the trial court correctly applied the law. Rather than resolving the factual inconsistencies, the court simply made the following statement: "The defendant said they never got out of the car. The police officer said they called him over. I got a problem with this calling him over. I don't think that gives them probable cause to investigate. If he had come to him — I'm going to grant the Motion to Suppress."
 {¶ 8} Criminal Rule 12(E) requires that "[w]here factual issues are involved in determining a motion, the court shall state its essential findings on the record." (Emphasis added.) Although a reviewing court need not remand for findings of fact when "the record provides an appellate court with a sufficient basis to review" the assignments of error, Parma v. Reschke (Feb. 14, 1991), Cuyahoga App. No. 58015, such is not the case here.
 {¶ 9} Here, two flatly contradictory stories were left unresolved by the court below. The court's order, therefore, cannot be reviewed by this court. In other words, because of the factual inconsistencies and the trial court's failure to provide findings of fact, this court is unable to determine whether the trial court correctly applied the law to the facts.
 III. {¶ 10} We therefore reverse the trial court's order granting Benjamin's motion to suppress and, pursuant to Crim.R. 12(E), remand with the instruction that the trial court include findings of fact in its order.
 {¶ 11} This cause is reversed and remanded for proceedings consistent with this opinion.
 {¶ 12} It is, therefore, ordered that said appellant recover of said appellee its costs herein taxed.
 {¶ 13} It is ordered that a special mandate be sent to said court to carry this judgment into execution.
 {¶ 14} A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J., CONCURS.
 PATRICIA A. BLACKMON, J., DISSENTS WITH SEPARATE DISSENTING OPINION.